UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY T. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-01141 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION

Petitioner has filed a motion to set aside conviction, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and this case will be dismissed without prejudice for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Petitioner sues the United States and challenges a federal conviction entered by the United States District Court for the District of Hawaii. More specifically, he contends that his conviction was unconstitutional due to prosecutorial misconduct, jury and judicial bias, ineffective assistance of counsel, the exclusion of relevant evidence and witnesses, the introduction of prejudicial evidence, and also on the bases of double jeopardy and violation of his right to speedy trial.

To challenge the legality of a federal conviction or sentence, a petitioner must seek a writ of habeas corpus pursuant to 28 U.S.C. § 2255, and any such claims must be addressed by the sentencing court. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Indeed, the statute mandates that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Consequently, petitioner must file this action in the District of Hawaii.

Consequently, because petitioner has no recourse in this court, and this matter is dismissed without prejudice.   A separate order accompanies this memorandum opinion.

Date:  May 9, 2023                                    _____/s/_____
                                                                         RUDOLPH CONTRERAS
                                                                      United States District Judge